UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>Plaintiff,<br><br>vs.<br><br>WSFS FINANCIAL CORPORATION, RODGER LEVENSON, ANAT BIRD, FRANCIS B. BRAKE, JR., JENNIFER W. DAVIS, MICHAEL J. DONAHUE, KAREN DOUGHERTY BUCHHOLZ, ELEUTHÈRE I. DU PONT, NANCY J. FOSTER, CHRIS GHEYSENS, MARVIN N. SCHOENHALS, DAVID G. TURNER, and MARK A. TURNER,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Stephen Bushansky ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE AND SUMMARY OF THE ACTION**

1. This is an action brought by Plaintiff against WSFS Financial Corporation ("WSFS Financial" or the "Company") and the members of WSFS Financial's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which WSFS Financial will acquire Bryn Mawr Bank Corporation ("BMBC") (the "Proposed Transaction").

2. On March 10, 2021, BMBC and WSFS Financial issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated March 9, 2021 (the

"Merger Agreement") to merge BMBC with WSFS Financial.  Under the terms of the Merger Agreement, each BMBC stockholder will receive 0.90 shares of WSFS Financial common stock for each share of BMBC common stock they own (the "Merger Consideration").  The Proposed Transaction is valued at approximately $976.4 million.

3.     On April 19, 2021, WSFS Financial filed a Form S-4 Registration Statement (as amended, the "Registration Statement") with the SEC.  The Registration Statement, which recommends that BMBC stockholders vote in favor of the proposal to adopt the Merger Agreement and the issuance of WSFS shares of common stock, as consideration under the Merger Agreement ("Merger and Share Issuance Proposal"), omits or misrepresents material information concerning WSFS Financial and BMBC's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Piper Sandler & Co. ("Piper Sandler").  Defendants authorized the issuance of the false and misleading Registration Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     In short, unless remedied, WSFS Financial's public stockholders will be irreparably harmed because the Registration Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting decision on the Merger and Share Issuance Proposal.  Plaintiff seeks to enjoin the stockholder vote on the Merger and Share Issuance Proposal unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company maintains and operates several offices and retail locations in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of WSFS Financial.

9. Defendant WSFS Financial is a Delaware corporation, with its principal executive offices located at 500 Delaware Avenue, Wilmington, Delaware 19801. WSFS Financial is a multi-billion-dollar financial services company. Its primary subsidiary is WSFS Bank ("WSFS Bank" or the "Bank"). WSFS Financial's common stock trades on the Nasdaq Global Select Market under the ticker symbol "WSFS."

10. Defendant Rodger Levenson ("Levenson") has been Chairman of the Board since January 1, 2020 and President, Chief Executive Officer ("CEO") and a director of the Company and the Bank since January 1, 2019.

11. Defendant Anat Bird ("Bird") has been a director of the Company since 2010.

12. Defendant Francis B. Brake, Jr. ("Brake") has been a director of the Company since 2014.

13. Defendant Jennifer W. Davis ("Davis") has been a director of the Company since 2009.

14. Defendant Michael J. Donahue ("Donahue") has been a director of the Company since March 1, 2019.

15. Defendant Karen Dougherty Buchholz ("Buchholz") has been a director of the Company since March 1, 2019.

16. Defendant Eleuthère I. du Pont ("du Pont") has been Lead Director since 2016 and a director of the Company since 2013.

17. Defendant Nancy J. Foster ("Foster") has been a director of the Company since 2020.

18. Defendant Chris Gheysens ("Gheysens") has been a director of the Company since 2017.

19. Defendant Marvin N. Schoenhals ("Schoenhals") has been a director of the Company since 1990. Defendant Schoenhals previously served as Chairman of the Company and WSFS Bank from 1992 to 2017, and President and CEO from 1990 to 2007.

20. Defendant David G. Turner ("David Turner") has been a director of the Company since 2013.

21. Defendant Mark A. Turner ("Mark Turner") has been a director of the Company since 2007. Defendant Turner previously served as Executive Chairman of WSFS Financial and WSFS Bank from January 2019 to January 2020, Chairman from 2017 to January 2019, President and CEO from 2007 to 2019, and Chief Operating Officer ("COO") and Chief Financial Officer ("CFO") from 1998 to 2007.

22.     Defendants identified in paragraphs 10-21 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

23.     BMBC is the holding company for The Bryn Mawr Trust Company ("Bryn Mawr Bank"), which received its Pennsylvania banking charter in 1889 and is a member of the Federal Reserve System. BMBC and its direct and indirect subsidiaries offer a full range of personal and business banking services, consumer and commercial loans, equipment leasing, mortgages, insurance and wealth management services, including investment management, trust and estate administration, retirement planning, custody services, and tax planning and preparation from 41 banking locations, seven wealth management offices and two insurance and risk management locations in the following counties: Montgomery, Chester, Delaware, Philadelphia, and Dauphin Counties in Pennsylvania; New Castle County in Delaware; and Mercer and Camden Counties in New Jersey. BMBC's common stock trades on the Nasdaq Global Select Market under the ticker symbol "BMTC."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

24.     WSFS Financial is a multi-billion-dollar financial services company. Its primary subsidiary, WSFS Bank, is the oldest and largest locally managed bank and trust company headquartered in Delaware and the Greater Philadelphia region. As of December 31, 2020, WSFS Financial had $14.3 billion in assets on its balance sheet and $24.2 billion in assets under management and administration. WSFS Financial operates from 112 offices, 89 of which are banking offices, located in Pennsylvania (52), Delaware (42), New Jersey (16), Virginia (1) and Nevada (1) and provides comprehensive financial services including commercial banking, retail banking, cash management and trust and wealth management.

**The Proposed Transaction**

25.     On March 10, 2021, WSFS Financial and BMBC issued a joint press release announcing the Proposed Transaction.  The press release states, in relevant part:

> WILMINGTON, Del. and BRYN MAWR, Pa., March 10, 2021 -- WSFS Financial Corporation (NASDAQ: WSFS) and Bryn Mawr Bank Corporation (NASDAQ: BMTC), jointly announced today the signing of a definitive merger agreement whereby Bryn Mawr Bank Corporation ("Bryn Mawr") will merge with WSFS Financial Corporation ("WSFS"), in a transaction valued at approximately $976.4 million.  Simultaneously with the merger, The Bryn Mawr Trust Company ("BMT"), the wholly owned subsidiary of Bryn Mawr, will merge into WSFS Bank, a wholly owned subsidiary of WSFS.  The combination of two of the high performing, locally-based financial services companies in the Greater Philadelphia and Delaware region solidifies WSFS' position as the preeminent, locally-headquartered bank for this region.  With nearly $20 billion in assets and an approximately $43 billion Wealth Management business as of December 31, 2020, WSFS believes that following the merger it will be the only bank in the region with distinct market-share advantages, including market knowledge, local decision-making, a full-service product suite and a balance sheet to compete with larger regional and national banks.
>
> Under the terms of the agreement, stockholders of Bryn Mawr will receive 0.90 of a share of WSFS common stock for each share of Bryn Mawr common stock.  The per share value equates to an implied value of $48.55 for Bryn Mawr stockholders based on the closing price of WSFS stock on March 9, 2021.
>
> "This combination aligns with our strategic plan," said Rodger Levenson, WSFS' Chairman, President and CEO.  "Combining with Bryn Mawr allows us to accelerate our long-term strategic objectives, including scale to continue to invest in our delivery and talent transformations.  This combination also creates the premier wealth management and trust business in the region and the sixth largest bank-affiliated wealth management and trust business nationwide under $100 billion in assets.  Together, we are poised and positioned to continue to serve and outperform for all our constituents, and to deliver sustainable high performance for years to come."
>
> Frank Leto, President and CEO of Bryn Mawr, said, "We strongly believe in the value creation by combining with WSFS and enhancing the strengths of our institutions.  This is a sound decision for Bryn Mawr, our stockholders, our Clients and the communities we serve.  We are combining with WSFS because it is an established institution with deep roots in the region and the utmost focus on doing the right thing for our Clients."

> The combination is WSFS' ninth since 2010, including traditional banks and other fee-based businesses in southeastern Pennsylvania and Delaware. WSFS' proven track record of successful integrations, combined with its strong organic growth and purposeful expansion into the Greater Philadelphia region, has resulted in significant community and economic investments.
>
> To continue its commitment to the communities it serves, WSFS is making a $2 million grant to the WSFS Community Foundation to support underserved communities as part of its mission. Both companies' long-standing commitment to serve their communities will remain vital to WSFS' future.
>
> WSFS anticipates consolidating approximately 30% of the combined banking offices due to geographic overlap and optimization opportunities within the network.
>
> WSFS expects pre-tax merger and restructuring costs of approximately $127 million and to achieve annual cost synergies of approximately $73 million, once fully phased in by 2023. The merger is expected to be accretive to WSFS' earnings per share in 2022, excluding the one-time merger and restructuring costs noted above, and 13.4% accretive once all synergies are achieved in 2023, generating an internal rate of return (IRR) of approximately 18.0%.
>
> After closing, Frank Leto, President and CEO of Bryn Mawr, will join the Boards of Directors of WSFS Financial and WSFS Bank along with two mutually agreed upon current directors of Bryn Mawr's Board.
>
> The merger agreement has been approved by the boards of directors of both companies. Closing of the transaction is subject to customary approvals by regulators and stockholders of both companies. Pending those approvals, the transaction is expected to close early in the fourth quarter of 2021.
>
> Piper Sandler & Co. acted as financial advisor to WSFS, and its legal counsel was Covington & Burling LLP. Keefe, Bruyette & Woods, Inc., A Stifel Company, acted as financial advisor to Bryn Mawr and its legal counsel was Squire Patton Boggs LLP.

**The Registration Statement Contains Material Misstatements or Omissions**

26. Defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to WSFS Financial's stockholders. The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Merger and Share Issuance Proposal.

27. Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning WSFS Financial and BMBC's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Piper Sandler.

***Material Omissions Concerning WSFS Financial's and BMBC's Financial Projections and Piper Sandler's Financial Analyses***

28. The Registration Statement is materially deficient because it fails to disclose material information relating to WSFS Financial's and BMBC's financial projections.

29. For example, in connection with Piper Sandler's *Net Present Value Analyses*, Piper Sandler utilized: (i) mean analyst EPS estimates and estimated share repurchases for WSFS for the years ending December 31, 2021 and December 31, 2022; (ii) mean analyst EPS estimates for BMBC for the years ending December 31, 2021 and December 31, 2022; and (iii) the December 31, 2025 tangible book values of WSFS Financial and BMBC. Registration Statement at 102-105. The Registration Statement fails, however, to disclose each of the items.

30. Additionally, the Registration Statement fails to disclose WSFS and BMBC's net income over the projection period.

31. The Registration Statement also describes Piper Sandler's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Piper Sandler's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, WSFS Financial's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Piper Sandler's fairness opinion in determining whether to vote in favor of the Merger and Share Issuance Proposal.

32. With respect to Piper Sandler's *Comparable Company Analyses* and *Analysis of Precedent Transactions*, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the selected companies and transactions analyzed by Piper Sandler, respectively.

33. With respect to Piper Sandler's *Net Present Value* analysis of WSFS, the Registration Statement fails to disclose: (i) mean analyst EPS estimates and estimated share repurchases for WSFS for the years ending December 31, 2021 and December 31, 2022; (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 8.00% to 13.00%; and (iii) quantification of the estimated terminal values for WSFS Financial.

34. With respect to Piper Sandler's *Net Present Value* analysis of BMBC, the Registration Statement fails to disclose: (i) mean analyst EPS estimates for Bryn Mawr for the years ending December 31, 2021 and December 31, 2022; (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 8.00% to 13.00%; (iii) quantification of the estimated terminal values for BMBC; and (iv) quantification of the impact of the estimated after-tax cost savings as a result of the merger, as provided by the senior management of WSFS.

35. With respect to Piper Sandler's *Pro Forma Transaction Analysis*, quantification of the (i) accretion to WSFS's estimated EPS (excluding one-time transaction costs and expenses) in the years ending December 31, 2022 through December 31, 2024 and (ii) dilution to WSFS's estimated tangible book value per share at close through December 31, 2023.

36. Without such undisclosed information, WSFS Financial stockholders cannot evaluate for themselves whether the financial analyses performed by Piper Sandler were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction. In other

words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Piper Sandler's opinion and analyses should factor into their decision whether to vote in favor of or against the Merger and Share Issuance Proposal.

37.     The omission of this information renders the statements in the "Certain Prospective Financial Information" and "Opinion of WSFS's Financial Advisor" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

38.     The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Merger and Share Issuance Proposal, Plaintiff and WSFS Financial's public stockholders will be unable to make a sufficiently informed decision whether to vote in favor of the Merger and Share Issuance Proposal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

39.     Plaintiff repeats all previous allegations as if set forth in full.

40.     During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

41.     By virtue of their positions within the Company, the defendants were aware of this

information and of their duty to disclose this information in the Registration Statement. The Registration Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about WSFS Financial's and BMBC's financial projections and the financial analyses performed by the Company's financial advisor Piper Sandler. The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Merger and Share Issuance Proposal.

43. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

44. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

<u>COUNT II</u>

**Claims Against the Individual Defendants for Violations of
Section 20(a) of the Exchange Act**

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of WSFS Financial within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of WSFS Financial, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the

content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Merger and Share Issuance Proposal. They were, thus, directly involved in the making of the Registration Statement.

49. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Merger and Share Issuance Proposal. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the

Exchange Act. As a direct and proximate result of defendants' conduct, WSFS Financial's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of WSFS Financial, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Merger and Share Issuance Proposal, unless and until defendants disclose and disseminate the material information identified above to WSFS Financial stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 5, 2021 **WEISSLAW LLP**

By */s/ Mark. D. Smilow*
Mark. D. Smilow

        Richard A. Acocelli (to be admitted *pro hac vice*)
        1500 Broadway, 16th Floor
        New York, New York 10036
        Tel: (212) 682-3025
        Fax: (212) 682-3010
        Email: msmilow@weisslawllp.com

        *Attorneys for Plaintiff*